## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Brian Vink,

|                    |                                  |
|--------------------|----------------------------------|
| Plaintiff,         | Case No. 21-cv-12803             |
| v.                 | Judith E. Levy                   |
|                    | United States District Judge     |
| Mark A. Boomershine, Jordan Block, Doug Shelton, Michelle Kirby, and Jeanna Bitler, | Mag. Judge David R. Grand |
| Defendants.        |                                  |

_____/

## ORDER DISMISSING THIS CASE WITHOUT PREJUDICE

## I. Background

On November 23, 2021, Plaintiff Brian Vink[1] filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1.) On the same day, Plaintiff filed two additional *pro se* civil rights complaints. *See Vink v. Block, et al.*, No. 21-cv-12801 (E.D. Mich. Nov. 23, 2021), and *Vink v. Natole, et al.*, No. 21-cv-12804 (E.D. Mich. Nov. 23, 2021).

_____

[1] Plaintiff states in his complaint that he "is and was at all times mentioned herein, a prisoner of the State of Michigan in the custody of the Michigan Department of Corrections." (ECF No. 1, PageID.1.) In a document attached to his complaint, Plaintiff indicates that he was "released from prison on January 28, 2021." (*Id.* at PageID.17.)

Plaintiff submitted one filing fee, which was applied to one of his other cases (Case No. 21-cv-12801). He did not submit a separate filing fee for this case (Case No. 21-cv-12803). Nor did he apply for permission to proceed without prepaying the fees and costs for this action.

As a result, on December 7, 2021, the Court issued an Order of Deficiency, which notified Plaintiff that within thirty days from the date of the order, he must pay the filing fee of $350.00 and an administrative fee of $52.00, for a total of $402.00, or apply for permission to proceed without prepayment of the fees and costs. (*See* ECF No. 3.) The Court warned Plaintiff that failure to comply with the order would result in the dismissal of his case for want of prosecution. (*See id.*) More than thirty days have elapsed since the date of the Order of Deficiency, and Plaintiff has not paid the required fees or applied for permission to proceed without prepayment of the fees.

## II. Discussion

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss a complaint for failure to prosecute or to comply with a court order. *See* Fed. R. Civ. P. 41(b). Although this rule contemplates a dismissal on motion of a defendant, the Supreme Court has held that

2

district courts may dismiss a case *sua sponte* under Rule 41(b). *See Link v. Wabash R.R.*, 370 U.S. 626, 630–33 (1962). This District's Local Rules also authorize the dismissal of a case on the Court's "own motion after reasonable notice" when it appears "that the parties have taken no action for a reasonable time." E.D. Mich. LR 41.2.

When contemplating the dismissal of a case for failure to prosecute or to comply with a court order, the Court considers the following four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001) (citing *Knoll v. Am. Tel. & Tel.*, 176 F.3d 359, 636 (6th Cir. 1999)). "While none of these factors is dispositive, a case may be dismissed by a district court where there is a clear record of delay or contumacious conduct on the part of the plaintiff." *Id.* at 591 (citing *Knoll*, 176 F.3d at 363).

Here, Plaintiff's failure to comply with the Court's Order of Deficiency appears to be his fault because the Court's records show that the order was mailed to Plaintiff on December 7, 2021. (*See* ECF No. 3.)

The order has not been returned to the Court as undeliverable, and Plaintiff has not communicated with the Court or requested an extension of time to comply with the order. Thus, the first factor weighs against him.

The second factor—whether the adversary was prejudiced by the party's conduct—weighs in Plaintiff's favor because none of the Defendants has filed an appearance in this case or been served with the complaint. As a result, the Defendants have not been prejudiced by Plaintiff's conduct.

The third factor weighs against Plaintiff. "Prior notice, or the lack thereof, is . . . a key consideration when determining whether a district court abuses its discretion in dismissing a case pursuant to Rule 41(b)." *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998). In this case, the Court warned Plaintiff that failure to comply with the Order of Deficiency would lead to the dismissal of his case.

As for the fourth factor, the Court considered a less drastic sanction when it issued the Order of Deficiency and gave Plaintiff thirty days to comply with the statutes and case law governing filing fees. The Court

also waited more than thirty days after the deadline expired for Plaintiff to comply with the Order of Deficiency before issuing this order.

In addition, the Court is mindful that one of Plaintiff's other cases (Case No. 21-cv-12801) names two defendants who are Defendants in this case and raises allegations much like the ones in this case. As such, dismissal of this case is not a drastic sanction, and the fourth factor weighs against Plaintiff.

In sum, three of the four factors listed above favor dismissal, and it would not be an abuse of discretion for the Court to dismiss this case for want of prosecution and for failure to comply with the Court's Order of Deficiency.

## III. Conclusion

Accordingly, this case is DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b) and Eastern District of Michigan Local Rule 41.2.

IT IS SO ORDERED.

Dated: February 23, 2022                    s/Judith E. Levy
Ann Arbor, Michigan                          JUDITH E. LEVY
                                             United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 23, 2022.

<u>s/William Barkholz</u>
WILLIAM BARKHOLZ
Case Manager